**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE W. HAWKINS, JR.** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:03CV690LG-RHW** |
| | § | |
| **JOHN E. POTTER, in his Official Capacity** | § | |
| **as Postmaster General of the United States** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

BEFORE THIS COURT is the Motion of the Defendant, John E. Potter, in his Official

Capacity as Postmaster General of the United States, to Dismiss and for Summary Judgment

[20], filed in the above-captioned cause on August 26, 2005, pursuant to FED. R. CIV. P.

12(b)(1), 12(b)(5) and 56.  Plaintiff filed a response on December 30, 2005.  In this action,

filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* the Age

Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, *et seq*., and the Rehabilitation

Act of 1973, 29 U.S.C. § 791, *et seq*., Plaintiff contends that his employer, the United States

Postal Service, discriminated against him based upon gender, age, and physical disability, and

created a hostile working environment.  The Plaintiff has also asserted state law claims of

invasion of privacy and infliction of emotional distress.  For the reasons set forth below, the

Defendant's motion to dismiss should be granted.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff, George W. Hawkins, Jr., began his employment with the United States

Postal Service on June 10, 1974.  Hawkins worked for the USPS until October 1, 2001, when

he retired with thirty-one years of government service, including four years with the military.

During his entire career with the USPS, Hawkins worked in the Gulfport, Mississippi area.

Sometime in 1998, Hawkins injured his left ankle and foot while at work.  Hawkins visited Dr. Hull on four occasions between October 8, and December 8, 1998, as a result of the work-related injury.  Jack Lee, a USPS supervisor, attended these visits with Hawkins.  Tim Machen, the Postmaster, had instructed supervisors to accompany an employee injured on the job to the examination room if the employee did not object.  Hawkins did not object, so Lee accompanied Hawkins into the examination room on each visit.

On January 2, 1999, Hawkins sustained another on-the-job injury.  He visited Dr. Hull a total of five times for this injury.  Lee attended the first three visits with Hawkins.  During these visits, Lee accompanied Hawkins in the examination room.  On the last two visits, another USPS supervisor, Edward Martinez, attended the visits with Lee.  Martinez, however, did not accompany Hawkins in the examination room because Hawkins objected to his presence in the room.  Soon thereafter, in March 1999, "Machen rescinded his instruction pertaining to accompanying injured employees into the examination room."  (Def.'s Br. in Supp. of Mot. to Dismiss, p. 9, filed Aug. 26, 2005.)

On March 5, 1999, Hawkins "commenced the first of his two EEO complaints that are the subject of this litigation when he contacted a USPS EEO counselor."  (Def.'s Br., p. 2.)  Hawkins complained that he had been discriminated against based upon his race, sex, age, and physical disability.  His complaint was based upon his supervisor accompanying or attempting to accompany him to his physician's office on nine occasions for his job-related injuries.  On May 8, 1999, Hawkins filed a formal complaint of discrimination with the USPS.

In early November 1999, Martinez, Hawkins's supervisor, reassigned the USPS vehicle that had been assigned to Hawkins to a younger female employee, and assigned a smaller

vehicle to Hawkins.  Hawkins had difficulty getting into and out of the smaller vehicle, and had difficulty using the vehicle due to a prior knee injury.

On November 16, 1999, Hawkins commenced the second of his two EEO complaints that are the subject of his complaint in this Court.  Hawkins claimed that USPS had discriminated against him based upon race, age, sex, and physical disability, and had retaliated against him, by reassigning his USPS vehicle to a younger female employee and by assigning him a small vehicle.  On June 16, 2000, Hawkins filed a formal complaint of discrimination with the USPS.

On July 24, 2001, Hawkins applied for retirement from USPS.  As noted above, Hawkins retired on October 1, 2001.  At that time, Hawkins was fifty-five years of age and "had reached full retirement benefit eligibility."  (Def.'s Br., p. 10.)

USPS investigated Hawkins's claims asserted in his two EEO complaints.  Because he did not want a hearing before an administrative law judge, Hawkins requested that USPS issue final agency decisions on both of his complaints in November 2001.  On May 9, 2003, the USPS issued a Notice of Final Decision on both complaints finding no discrimination.

On August 7, 2003, Hawkins filed his complaint in this Court.  On April 8, 2004, Hawkins filed an amended complaint.  On June 2, 2004, the Defendant filed an Answer in which he asserted as a defense insufficient service of process.  The Defendant filed this motion on August 26, 2005, contending that he "is entitled to a dismissal of all of plaintiff's claims because the plaintiff failed to serve process on the Attorney General of the United States and the defendant Postmaster General of the United States as required by Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure."  (Def.'s Br., p. 2.)  The Defendant also contends that he is

3

entitled to a dismissal of the Plaintiff's claims of invasion of privacy and infliction of

emotional distress because the "Court lacks subject matter jurisdiction over those claims and

because those claims are preempted by plaintiff's Title VII claims." (Def.'s Br., p. 2.) Lastly,

the Defendant contends that he is entitled to judgment as a matter of law on Hawkins's Title

VII, ADEA, and Rehabilitation Act claims. Hawkins filed a response on December 30, 2005,

contending the Defendant's motion should be denied.

<u>DISCUSSION</u>

"When service of process is challenged, the serving party bears the burden of proving

its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U. S. Dep't*

*of Justice*, 903 F.2d 1011, 1013 (5th cir. 1990), *citing Winters v. Teledyne Movible Offshore,*

*Inc.*, 776 F.2d 1304, 1305 (5th cir. 1985); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior*

*Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). Therefore, in this case, Hawkins

must show that he properly served process upon the Defendant in accordance with FED. R. CIV.

P. 4(i). FED. R. CIV. P. 4(i) provides as follows:

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney. . . and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. . . .

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

4

FED. R. CIV. P. 4(i).  In this case, Hawkins effected service of the summons and complaint on an assistant U. S. attorney, Stephen Graben.  According to Graben, he received a copy of the summons and complaint on November 11, 2003.  The Defendant seeks a dismissal because neither the Attorney General nor the Postmaster General was served.

In his response to the motion to dismiss, Hawkins's counsel asserts that she "has reviewed this file exhaustively and has not been able to locate the 'green card' return receipt card that would prove service by mail."  (Pl.'s Resp. Br. to Mot. to Dismiss, p. 3, filed Dec. 30, 2005.)  Hawkins also claims that a dismissal is inappropriate because the local U. S. Attorney was personally served, and because the Defendant has not alleged "prejudice for any technical problem with service upon the Attorney General."  (Pl.'s Resp. Br., p. 5.)

As noted above, the Defendant raised the defense of insufficiency of service of process in his Answer filed on June 2, 2004.  Even after the issue was raised, Hawkins did not attempt to cure the defective service.  FED. R. CIV. P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Thus, if the Court does not find good cause for plaintiff's failure to serve defendant within 120 days, then the Court may dismiss the case without prejudice.  FED. R. CIV. P. 4(m); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  "'[G]ood cause' under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of

the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Lambert v. U. S.*, 44 F.3d 296, 299 (5th Cir. 1995) (citations omitted) (emphasis in original).

Over two years have passed since Hawkins filed his complaint in this case. This motion, which seeks a dismissal based upon insufficiency of service of process, was filed on August 26, 2005. Hawkins did not even attempt to effect proper service after the Defendant filed this motion. In addition, Hawkins has not requested additional time to do so. As of this date, no proof of service on the Attorney General or the Postmaster General has been provided to the Court. In addition, Hawkins has failed to show good cause for his failure to serve the Attorney General and the Postmaster General. For these reasons, the Defendant's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant, John E. Potter, in his Official Capacity as Postmaster General of the United States, to Dismiss [20] should be, and is hereby **GRANTED**. The Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE