**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE W. HAWKINS, JR.** § | | **PLAINTIFF** |
| § | | |
| **V.** § | **1:03CV690LG-RHW** | |
| § | | |
| **JOHN E. POTTER, in his Official Capacity** § | | |
| **as Postmaster General of the United States** § | | **DEFENDANT** |

**ORDER DENYING PLAINTIFF'S MOTION TO
ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59**

BEFORE THIS COURT is the Plaintiff's Motion for Reconsideration [32], filed in the above-captioned cause on April 10, 2006.  The Court will construe the motion as a Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e).  For the reasons set forth below, the motion should be denied.

The Plaintiff seeks to alter or amend the judgment entered by the undersigned on March 31, 2006, which dismissed the Plaintiff's claims without prejudice.[1]  FED. R. CIV. P. 59(e) allows the Court to alter or amend a judgment upon the following grounds:

> (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.

*Joe v. Minn. Life Ins. Co.*, 272 F.Supp.2d 603, 604 (S.D. Miss. 2003), *citing Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).  The Plaintiff does not allege an intervening change in controlling law or the availability of new evidence not previously available; therefore, the Plaintiff must show that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

The Court dismissed the Plaintiff's complaint because the Plaintiff failed to properly

---

[1]Although the Plaintiff's claims were dismissed without prejudice, the practical effect of the dismissal is with prejudice because it appears that the statute of limitations has run.

serve the Defendant as required by FED. R. CIV. P. 4(i).  According to the Plaintiff, he personally served the United States Attorney, and thus, the only objection by the Defendant is that Plaintiff failed to comply with the certified mail provisions.  Defendant's objection, however,  is not insignificant.  "In the absence of valid service of process, proceedings against a party are void."  *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435-36 (5th Cir. 1981), *citing Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). Therefore, if the Plaintiff were ultimately successful on the merits, any judgment rendered against the United States would be void and unenforceable because of the Court's lack of jurisdiction due to insufficient service of process.  Under these circumstances, the Plaintiff has failed to show that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Plaintiff's Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e) [32] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 24th day of May, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

2